IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JENNIFER ANN ROBINETTE                                  PLAINTIFF

v.                      CIVIL NO. 5:17-CV-5165

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jennifer Ann Robinette, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on October 21, 2014, alleging an inability to work since February 1, 2014,[2] due to chronic pain, scoliosis, depression, anxiety, obsessive-compulsive disorder (OCD), and attention deficit disorder (ADD). (Tr. 63, 70, 79, 87). For DIB purposes, Plaintiff maintained insured status through

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the January 25, 2016, hearing before the ALJ, Plaintiff amended her alleged onset date from July 15, 2011, to February 1, 2014. (Tr. 41).

1

December 31, 2016. (Tr. 63, 70, 79, 87). An administrative hearing was held on January 25, 2016, at which Plaintiff and a vocational expert testified. (Tr. 40-60).

By written decision dated June 13, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of fibromyositis, scoliosis, panic disorder with agoraphobia, anxiety disorder, attention deficit hyperactivity disorder, and depressive disorder. (Tr. 23). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except for the following:

> [Plaintiff] can frequently climb, balance, crawl, kneel, stoop, crouch, finger and handle bilaterally, and reach bilaterally. [Plaintiff] can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed. She can respond to usual work situations; routine work changes; and supervision that is simple, direct, and concrete.

(Tr. 25). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform her past relevant work, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a marking clerk, a routing clerk, and a shelving clerk. (Tr. 31-32). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from February 1, 2014, through the date of the decision. (Tr. 32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, but the request was denied on June 14, 2017. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 15th day of February 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE